UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00119-GNS-HBB

JOSIAH HAMERNICK                                                                       PLAINTIFF

VS.

DANIELS et al                                                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is Plaintiff Josiah Hamernick's motion for leave to amend the complaint (DN 85). Defendants Donyale Daniels and Exel, Inc. have responded in opposition (DN 88), and Hamernick has replied (DN 89).

Hamernick brings this action for personal injury arising from a vehicular accident (DN 2). On June 26, 2017 he was operating a motorcycle in Barren County when he was involved in a collision with a tractor trailer operated by Daniels and owned by Exel (Id. at PageID 40). He seeks to amend his complaint to add a claim for punitive damages, alleging that the Defendants' "negligent acts or omissions exhibited wanton or reckless disregard for the lives, safety, or property of others, including the Plaintiff" (DN 85-1 PageID 377). He also seeks to add a cause of action for spoliation of evidence (Id. at PageID 381-83).

Defendants oppose the motion on the ground that both proposed amendments would be futile (DN 88). They cite several cases holding that "garden-variety" motor vehicle negligence

does not rise to the level of "wanton or reckless disregard" (Id. at PageID 392-94).[1] Defendants contend that discovery in the case has not revealed any factual basis upon which a claim for punitive damages could survive a motion to dismiss (Id. at PageID 394). As to the spoliation claim, Defendants state that while spoliation of evidence may, in appropriate circumstances, give rise to a missing evidence inference instruction, there is no independent cause of action under either federal or Kentucky state law for spoliation of evidence (Id. at PageID 394-96).[2]

Hamernick responds that he need only demonstrate that, taking the facts he has alleged as true, he has set forth a claim that could survive a motion to dismiss rather than a motion for summary judgment (DN 89 PageID 398). Here, he contends, he has alleged sufficient facts to give rise to claim for punitive damages (Id. at PageID 400). He apparently concedes the Defendants' argument on his claim for spoliation, as he makes no mention of it in his response.

## DISCUSSION

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010). According to Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000),

---

1 Citing Faith v. Warsame, No. 3:18-CV-323-CRS, 2019 U.S. Dist. LEXIS 49912 (W.D. Ky. March 25, 2019); Kinney v. Butcher, 131 S.W.3d 357 (Ky. Ct. App. 2004); Horn v. Hancock, 700 S.W.2d 419 (Ky. Ct. App. 1985); Shields v. Goins, 426 S.W.2d 139 (Ky. Ct. App. 1967); M.T. v. Saum, 3 F.Supp.3d 617 (W.D. Ky. 2014); Turner. v. Werner Enters., 442 F.Supp.2d 384 (E.D. Ky. 2006); Estate of Embry v. GEO Transp. Of Ind., Inc., 478 F.Supp.2d 914 (E.D. Ky. 2007); Spaulding v. Tate, No. 3:11-18-DCR, 2012 U.S. Dist. LEXIS 125669 (E.D. Ky. Sept. 5, 2012); Holman v. Beauchamp, 08-384-KSF, 2009 U.S. Dist. LEXIS 73994 (E.D. Ky. Aug. 19, 2009); Oaks v. Wiley Sanders Truck Lines, No. 07-45-KSF, 2008 U.S. Dist. LEXIS 56448 (E.D. Ky. July 22, 2008); Gordon v. Turner, No. 13-136-DLB-CJS, 2016 U.S. Dist. LEXIS 84317 (E.D. Ky. June 29, 2016).

2 Citing R.C. Olmstead, Inc. v. CU Interface, LLC, 657 F.Supp.2d 878 (N.D. Ohio 2009); Estate of Romain v. City of Grosse Pointe Farms, No. 14-12289, 2015 U.S. Dist. LEXIS 33919 (E.D. Mich. Mar. 18, 2015; James v. U.S. Airways, Inc., 375 F.Supp.2d 1352 (M.D. Fla. 2005); Monsanto Co. v. Reed, 950 S.W.2d 811 (Ky. 1997); Faith v. Warsame, No. 3:18-CV-323-CRS, 2019 U.S. Dist. LEXIS 49912 (W.D. Ky. Mar. 26, 2019).

"[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). But the court "need not accept bare assertions of legal conclusions." Id. at 488.

In opposition to the motion to amend the complaint, the Defendants argue that the facts in the case do not support the claims Plaintiff seeks to assert (DN 88 PageID 394). However, the scope of inquiry for purposes of determining whether amendment of a complaint is futile is confined to an examination of the allegations set forth in the proposed amended complaint. "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." Rose, 203 F.3d at 421.

In Kentucky "punitive damages are available where a plaintiff proves by 'clear and convincing evidence,' that the defendant acted with gross negligence, i.e., 'negligence [which] was accompanied by wanton or reckless disregard for the lives and safety of others.'" Faith v. Warsame, No. 3:18-CV-323-CRS, 2019 U.S. Dist. LEXIS 49912, at * 3-4 (W.D. Ky. March 25, 2019) (quoting Gibson v. Fuel Transp., Inc., 410 S.W.3d 56, 59 (Ky. 2013)); *see also* KY. REV. STAT. § 411.184(2) ([P]laintiff shall recover punitive damages only upon proving by clear and

convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice."). "Under Kentucky law, punitive damages are reserved for conduct that truly constitutes gross negligence." Southard v. Belanger, 966 F.Supp.2d 727, 740 (W.D. Ky. 2013).

Hamernick identifies several allegations in the proposed amended complaint which he contends could support a finding of gross negligence. These include that Defendant Daniels drove while under the influence of medication, which rendered her incapable of safely operating a motor vehicle,[3] operating a motor vehicle with impaired hearing,[4] operating a motor vehicle while her alertness was impaired[5] and driving in excess of the maximum allowable hours,[6] all in violation of federal regulations (DN 89 PageID 400). Several instances of misconduct can support a claim for punitive damages. Southard, 966 F.Supp.2d at 740. Operating a vehicle while impaired can also support a claim for punitive damages. See M.T. v. Saum, 3 F.Supp.3d 617, 624 (W.D. Ky. 2014). While it is true that "Kentucky courts have largely disallowed punitive damages as a matter of law in cases involving vehicle accidents," Id., at this point Hamernick has plead sufficient facts in the proposed amended complaint to survive a motion to dismiss, and, as such, the amendment to add a claim for punitive damages would not be futile.

The same is not true, however, as to Hamernick's proposed claim for spoliation of evidence. Kentucky law does not recognize an independent cause of action for spoliation of evidence. Monsanto Co. v. Reed, 950 S.W.2d 811, 815 (Ky. 1997); *see also* Faith, 2019 U.S. Dist. LEXIS 49912 at *6 ("Kentucky does not recognize an independent tort based on spoliation of evidence, instead choosing 'to remedy the matter through evidentiary rules and "missing evidence"

---

[3] DN 35-1 at p. 3, ¶ 13(e), referencing 49 C.F.R. § 392.4.
[4] Id. at ¶ 13(c), referencing 49 C.F.R. § 391.41.
[5] Id. at ¶ 13(d), referencing 49 C.F.R. § 392.3.
[6] Id. at ¶ 13(f), referencing 49 C.F.R. § 395.4.

4

instructions.'"); Clark v. Teamsters Local Union 651, No. 5:17-273-DCR, 2017 U.S. Dist. LEXIS 205447, at *17 (W.D. Ky. Dec. 13, 2017) ("While a claim of destruction of relevant materials may certainly give rise to a jury instruction regarding spoliation of evidence, it does not constitute a fee-standing claim on its own right.").

## CONCLUSION

**WHEREFORE**, Plaintiff's motion to amend the complaint (DN 85) is **GRANTED IN PART** and **DENIED IN PART**. Amendment of the complaint to add a claim for punitive damages is **GRANTED**. Amendment of the complaint to add a claim for spoliation of evidence is **DENIED**. Plaintiff is directed to tender a modified amended complaint, which will be deemed of record upon filing.

*H. Brent Brennenstuhl*

H. Brent Brennenstuhl
United States Magistrate Judge

November 25, 2020

Copies:         Counsel of Record